IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH MEADOWS, } | |
| } | |
| Plaintiff, } | |
| } | |
| vs. } | CASE NO.: 7:09-cv-0605 |
| } | |
| FRANKLIN COLLECTION } | |
| SERVICE, INC., *et al.*, } | |
| } | |
| Defendants. } | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, ELIZABETH MEADOWS, in the above-captioned action by and through the undersigned and hereby amends her Complaint as follows:

*Parties*

1. The Plaintiff, Elizabeth Meadows ( Ms. Meadows ), is an adult resident of the State of Alabama, living in Tuscaloosa County, Alabama.

2. Ms. Meadows is a natural person.

3. Defendant Franklin Collection Service, Inc. ( Franklin Collections ) is a Mississippi corporation engaged in the business of collecting debts in this state, with its principal place of business located in Tupelo, Mississippi.

4. Upon information and/or belief, a principal purpose of Franklin Collections is the collection of debts.

5. Franklin Collections regularly attempts to collect debts alleged to be due to another.

6. At all times relevant hereto, Franklin Collections conveyed information to Ms. Meadows that she was obligated and/or allegedly obligated to pay a debt, regarding a debt and/or an alleged debt.

7. At all times relevant hereto, Franklin Collections was regularly engaged for profit in the collection of debts allegedly owed by consumers and/or Franklin Collections regularly collected and/or attempted to collect debts, directly and/or indirectly, owed or due and/or asserted to be owed and/or due to another using the instrumentalities of interstate commerce and/or the United States mail.

*Jurisdiction*

8. Jurisdiction is founded and based on federal question jurisdiction, 28 U.S.C. § 1331.

9. This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter the FDCPA ).

10. This action is brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (hereinafter the TCPA ) which vests jurisdiction in the state court.  As such, the count brought herein under the TCPA rests in supplemental jurisdiction under 28 U.S.C. 1367.

## COUNT I

*Inconvenient Hours*

11. The FDCPA prohibits any communication with a consumer in connection with the collection of any debt at any unusual time and/or place, or a time and/or place known or which should be known to be inconvenient to the consumer.  In the

absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o clock in the morning and before 9 o clock at night, local time at the consumer s location, 15 U.S.C. § 1692(c)(a)(1).

12. Several times since March 2008, Franklin Collections has called Ms. Meadows before 8 o clock in the morning.

13. Since March 2008, Franklin Collections has called Ms. Meadows two to three times per day, seven days per week.

*Repetitive Calls*

14. The FDCPA prohibits any conduct which the natural consequence of is to harass, oppress and/or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.

15. Since March 2008, Franklin Collections is purported to have called Ms. Meadows two to three times per day, seven days per week.

16. The volume of calls harassed and/or oppressed and/or abused Ms. Meadows.

17. To her knowledge, Ms. Meadows believes that she has never had an account with Franklin Collections.

*Automated and Pre-Recorded Calls*

18. The FDCPA prohibits debt collectors from causing a telephone to ring and/or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, and/or harass any person at the called number, 15 U.S.C. § 1692(d)(5).

19. During each call since March 2008, Franklin Collections has called Ms. Meadows from a automated, pre-recorded dialing system.

20. This type and frequency of telephone call harassed and/or oppressed and/or abused Ms. Meadows.

*Third Party Communication*

21. The FDCPA prohibits the communication, in connection with the collection of any debt, with any person other than the consumer, 15 U.S.C. 1692(c)(6).

22. Since March 2008, Franklin Collections has called Ms. Meadows two to three times every day concerning the debt of her daughter, Elizabeth Taylor ( Ms. Taylor ) or concerning the debt of totally different individuals, Carol Tidmore ( Mrs. Tidmore ) and/or Neal Tidmore ( Mr. Tidmore ).  It is the belief of the Plaintiff that her current telephone number used to belong to Mr. and Mrs. Tidmore.

23. The FDCPA states that any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about said consumer, shall identify themselves, state that they are confirming and/or correcting location information concerning the consumer, and, only if expressly requested, identify their employer, 15 U.S.C. § 1692b(1).

24. During each phone call for Ms. Taylor since May 2008, Ms. Meadows has informed Franklin Collections that Ms. Taylor had not lived at her residence since May 2008. When asked for Ms. Taylor s phone number, Ms. Meadows has refused to provide the information.

25. During each phone call for Mr. and/or Mrs. Tidmore since March 2008, Ms.

Meadows has informed Franklin Collections that Mr. and Mrs. Tidmore do not live at Ms. Meadows residence and that she does not know their telephone number.

26. Franklin Collections continued to call Ms. Meadows two to three times per day.

27. The FDCPA prohibits any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about the consumer, from stating that such customer owes any debt, 15 U.S.C. 1692b(2).

28. During each phone call since March 2008, Franklin Collections has told Ms. Meadows that the reason for the call was to collect money owed by Ms. Taylor, Mrs. Tidmore, and/or Mr. Tidmore.

29. The FDCPA prohibits any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about the consumer, from communicating with any such person more than once, unless requested to do so by such person, 15 U.S.C. 1692b(3).

30. Franklin Collections has called Ms. Meadows two to three times per day since March 2008, after repeatedly being told not to do so by Ms. Meadows.

31. Ms. Meadows has been injured as a proximate result of Franklin Collections conduct.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against Defendant(s), separately and/or severally, for:

(a) actual damages pursuant to 15 U.S.C. § 1692k;

(b) statutory damages pursuant to 15 U.S.C. § 1692k;

(c) reasonable attorney s fees and costs pursuant to 15 U.S.C. § 1692k;

(d)  punitive damages;

(e)  such other and further relief as may be just and/or proper.

## COUNT II

32. The TCPA prohibits telephone solicitation unless there exists an existing business relationship.

33. For the past year, Franklin Collections has called Ms. Meadows two to three times per day concerning the debts of others.

34. The TCPA prohibits telephone solicitation once the recipient of the calls makes a demand the defendant stop calling.

35. For the past year, Ms. Meadows has made repeated demands that Franklin Collections stop calling.

36. For the past year, Franklin Collections has called Ms. Meadows two to three times per day concerning the debts of others.

37. For the past year, Franklin Collections has called Ms. Meadows, a non-debtor, two to three times per day.

38. Debt collector calls erroneously made to a non-debtor adversely affected recipient s privacy rights and, therefore, are not exempt from the TCPA. Watson v. NCO Group, Inc., 462 F. Supp. 2d 641.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against Defendant(s), separately and/or severally, for:

(a) an order enjoining the Defendant from further violating the TCPA pursuant to 47 U.S.C. § 227b(3)(A);

(b) statutory damages pursuant to 47 U.S.C. § 227b(3)(B);

(c) treble statutory damages pursuant to 47 U.S.C. § 227b(3);

(d) comparable damages pursuant to 47 U.S.C. § 227c(5);

(e) such other and further relief as may be just and/or proper.

*Plaintiff Demands a Jury Struck and Sworn*

Done this 6th day of April, 2009.

Respectfully submitted,

*/s/ Brandon L. Blankenship*

_____
Brandon L. Blankenship
BLA 116  (ASB - 6436 - N77B)
Blankenship Harrelson, L.L.C.
2001 Park Place North, Suite 825
Birmingham, AL  35203-2774
(205) 912-8241
Facsimile:  (205) 912-8253
Email:  brandon@bhwlegal.com

M11561