IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **ELIZABETH MEADOWS,** }  }  **Plaintiff,** }  }  vs. }  }  **FRANKLIN COLLECTION**  **SERVICE, INC.,** *et al.***,** }  }  **Defendants.** } | 7:09-cv-0605 |

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, ELIZABETH MEADOWS, in the above captioned action by and through the undersigned and hereby amends her Complaint as follows:

*Parties*

1. The Plaintiff, Elizabeth Meadows ("Ms. Meadows"), is an adult resident of the State of Alabama, living in Tuscaloosa County, Alabama.

2. Ms. Meadows is a natural person.

3. Defendant Franklin Collection Service, Inc. ("Franklin Collections") is a Mississippi corporation engaged in the business of collecting debts in this state, with its principal place of business located in Tupelo, Mississippi.

4. Upon information and/or belief, a principal purpose of Franklin Collections is the collection of debts.

5. Franklin Collections regularly attempts to collect debts alleged to be due to another.

6. At all times relevant hereto, Franklin Collections conveyed information to Ms. Meadows that she was obligated and/or allegedly obligated to pay a debt, regarding a debt and/or an alleged debt.

7. At all times relevant hereto, Franklin Collections was regularly engaged for profit in the collection of debts allegedly owed by consumers and/or Franklin Collections regularly collected and/or attempted to collect debts, directly and/or indirectly, owed or due and/or asserted to be owed and/or due to another using the instrumentalities of interstate commerce and/or the United States mail.

*Jurisdiction*

8. Jurisdiction is founded and based on federal question jurisdiction, 28 U.S.C. § 1331.

9. This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter the "FDCPA").

10. This action is brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (hereinafter the "TCPA") which vest jurisdiction in the state court. As such, the count brought herein under the TCPA rests in supplemental jurisdiction under 28 U.S.C. 1367.

*Factual Allegations*

11. On or about April 2006, Ms. Meadows began receiving phone calls from the Defendant regarding a debt(s) she did not owe and/or requesting, soliciting and/or providing information about a person other than Ms. Meadows and/or about services Defendant provides.

12. Ms. Meadows informed Defendant several times that she did not owe any debt(s) and did not want to receive any more phone calls from Defendant.

13. Nevertheless, Defendant continued to call Ms. Meadows numerous times regarding a debt(s) she did not owe and/or requesting, soliciting and/or providing information about a person other than Ms. Meadows and/or about services which Defendant provides.

14. Defendant also left numerous prerecorded and/or automated messages on Ms. Meadows' answering machine or voice mail service.

15. Ms. Meadows asserts that she received a minimum of approximately 2 calls per week from Defendant.

16. Despite her request(s) that Defendant stop said calls, Defendant continued to call Ms. Meadows.

17. Said calls by Defendant were part of a series of similar calls that Ms. Meadows received on a continuous and/or regular basis throughout a thirty-six (36) month period beginning in approximately April 2006 and ending in approximately March 2009 when the instant action was filed.

18. Said calls were persistent and were part of an on-going pattern and/or practice of repeated, wrongful conduct by the Defendant.

## COUNT I

*Inconvenient Hours*

19. The FDCPA prohibits any communication with a consumer in connection with the collection of any debt at any unusual time and/or place, or a time and/or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock in the

morning and before 9 o'clock at night, local time at the consumer's location, 15 U.S.C. § 1692(c)(a)(1).

20. Beginning on or about April 2006, Franklin Collections has called Ms. Meadows before 8 o'clock in the morning.

21. Beginning on or about April 2006, Franklin Collections has called Ms. Meadows at a minimum of approximately 2 times per week.

*Repetitive Calls*

22. The FDCPA prohibits any conduct which the natural consequence of is to harass, oppress and/or abuse any person in connection with the collection of a debt, 15 U.S.C. § 1692d.

23. Ms. Meadows asserts that beginning on or about April 2006, Franklin Collections called Ms. Meadows a minimum of approximately 2 times per week.

24. The volume of calls harassed and/or oppressed and/or abused Ms. Meadows.

25. Upon information and belief, Ms. Meadows has never had an account with Franklin Collections.

*Automated and Pre-Recorded Calls*

26. The FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, 15 U.S.C. § 1692(d)(5).

27. Upon information and belief, during many of the calls since April 2006, Franklin Collections has called Ms. Meadows from a automated dialing system and left Ms. Meadows pre-recorded messages.

28. This type and frequency of calls harassed and/or oppressed and/or abused Ms.

Meadows.

*Third Party Communication*

29. The FDCPA prohibits the communication, in connection with the collection of any debt, with any person other than the consumer, 15 U.S.C. 1692(c)(6).

30. Beginning on or about April 2006, Franklin Collections has called Ms. Meadows a minimum of approximately 2 times per week concerning the debt of her daughter, Elizabeth Taylor ("Ms. Taylor") or concerning the debt of totally different individuals, Carol Tidmore ("Mrs. Tidmore") or Neal Tidmore ("Mr. Tidmore"). The telephone number for Ms. Meadows used to belong to Mr. and Mrs. Tidmore.

31. The FDCPA states that any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about said consumer, shall identify themselves, state that they are confirming and/or correcting location information concerning the consumer, and, only if expressly requested, identify their employer, 15 U.S.C. § 1692b(1).

32. Beginning on or about April 2006, Ms. Meadows has informed Franklin Collections that neither Ms. Taylor, Mr. Tidmore nor Mrs. Tidmore live at her residence.  Ms. Meadows has informed Franklin Collections that she does not know the phone number for Mr. Tidmore or Mrs. Tidmore and, when asked for Ms. Taylor's phone number, Ms. Meadows refused to provide the information.

33. Franklin Collections continued to call Ms. Meadows a minimum of approximately 2 times per week.

34. The FDCPA prohibits any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about the consumer,

from stating that such customer owes any debt, 15 U.S.C. 1692b(2).

35. During the phone calls since approximately April 2006, Franklin Collections has told Ms. Meadows that the reason for the calls was to collect money owed by Ms. Taylor, Mrs. Tidmore, or Mr. Tidmore.

36. The FDCPA prohibits any debt collector communicating with any person other than the consumer, for the purpose of acquiring location information about the consumer, from communicating with any such person more than once unless requested to do so by such person, 15 U.S.C. 1692b(3).

37. Franklin Collections has called Ms. Meadows a minimum of approximately 2 times per week beginning on or about April 2006, after repeatedly being told not to do so by Ms. Meadows.

38. Ms. Meadows has been injured as a proximate result of Defendant Franklin Collections' conduct.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against Defendant(s), separately and/or severally, for:

(a) actual damages pursuant to 15 U.S.C. § 1692k;

(b) statutory damages pursuant to 15 U.S.C. §1692k;

(c) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

(d) such other and further relief as may be just and/or proper.

## COUNT II

39. The TCPA prohibits telephone solicitation unless there exists an existing business relationship.

40. Beginning on or about April 2006, Franklin Collections called Ms. Meadows a

minimum of approximately 2 times per week concerning the debts of others.

41. The TCPA prohibits telephone solicitation once the recipient of the calls makes a demand the defendant stop calling.

42. Beginning on or about April 2006, Ms. Meadows has made repeated demands that Franklin Collections stop calling.

43. Beginning on or about April 2006, Franklin Collections has called Ms. Meadows a minimum of approximately 2 times per week concerning the debts of others.

44. Beginning on or about April 2006, Franklin Collections has called Ms. Meadows, a non-debtor, a minimum of approximately 2 times per week.

45. Upon information and belief, during many of the calls since April 2006, Franklin Collections has called Ms. Meadows from a automated dialing system and left Ms. Meadows pre-recorded messages.

46. Debt collector calls erroneously made to non-debtor adversely affected recipient's privacy rights and, therefore, are not exempt from the TCPA. <u>Watson v. NCO Group, Inc.</u>, 462 F.Supp.2d 641.

WHEREFORE, BASED ON THE FOREGOING, Plaintiff demands judgment against Defendant(s), separately and/or severally, for:

(a) an order enjoining the Defendant from further violating the TCPA pursuant to 47 U.S.C. § 227b(3)(A);

(b) statutory damages pursuant to 47 U.S.C. § 227b(3)(B);

(c) treble statutory damages pursuant to 47 U.S.C. § 227b(3);

(d) comparable damages pursuant to 47 U.S.C. § 227c(5);

(e) such other and further relief as may be just and /or proper.

*Plaintiff Demands a Jury Struck and Sworn*

Done this _**9th**_ day of _**November**_, 2009.

Respectfully submitted,

*/s/ Meredith L. Phillips*
_____
Meredith L. Phillips
PHI 066 (ASB-3877-E35P)
Blankenship, Harrelson & Linton, L.L.C.
2001 Park Place North, Suite 825
Birmingham, AL  35203-2774
(205) 912-8241
Facsimile:  (205) 912-8253
Email: meredith.phillips@bhlattorneys.com

M11561

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM-ECF system which will send notifications of such filings to:

John W. Scott, Esq.
Brent G. Grainger, Esq.
Scott Dukes & Geisler, P.C.
2100 3rd Avenue North, Suite 700
Birmingham, AL 35203

Done this _**9th**_ day of _**November**_, 2009.

Respectfully submitted,

*/s/ Meredith L. Phillips*

_____
Meredith L. Phillips
PHI 066 (ASB-3877-E35P)
Blankenship, Harrelson & Linton, L.L.C.
2001 Park Place North, Suite 825
Birmingham, AL  35203-2774
(205) 912-8241
Facsimile:  (205) 912-8253
Email: meredith.phillips@bhlattorneys.com

M11561