# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **ELizabeth Meadows,** )  )  Plaintiff, )  )  v. )  )  **Franklin Collection** )  **Service, Inc., a corporation,** )  )  Defendant. ) | **CIVIL ACTION NO.:**  **CV-09-CO-0605-W** |

## FRANKLIN COLLECTION SERVICE, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Defendant Franklin Collection Service, Inc. ("Franklin" or "Defendant") and submits the following Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Reply Brief") in further support of Franklin's Motion for Summary Judgment.

## INTRODUCTION

In response to Franklin's Motion for Summary Judgment, Plaintiff submitted her Opposition to Defendant's Motion for Summary Judgment ("Response in Opposition"). (Doc. 102.) Plaintiff's Response in Opposition sets forth numerous misstatements and unsupported purported factual disputes. Furthermore, to the extent Plaintiff's Response in Opposition is based on unsupported and unsubstantiated

speculation pertaining to Franklin's account records, "'[U]nsupported speculation . . . does not meet a party's burden of producing some defense to a summary judgment motion. Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.'" *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005)(quoting *Hedberg v. Ind. Bell Tel. Co.,* 47 F.3d 928, 931-32 (7th Cir. 1995)). In order to clarify these matters for the Court, Franklin submits this Reply Brief.

## REPLY TO RESPONSE TO FRANKLIN'S STATEMENT OF FACTS

9. Plaintiff's assertion that Franklin does not have a three-call policy, but that the three-call policy "appears to be merely a collection technique," is contrary to the genuinely undisputed testimony and evidence.[1] To the extent Plaintiff asserts Franklin was calling her, Plaintiff's assertion is contrary to her testimony. (Meadows Dep. 40:5-9.) Franklin, in fact, exceeded the requirements of this policy. Plaintiff only told Franklin one time that (XXX) XXX-4556 was not the Tidmores and the number was removed. (Doc. 84 at Ex. F at 9:18-10:4; Doc. 95 at Ex. 8 at 0622, 0630.) Plaintiff only told Franklin two times that (XXX) XXX-4556 was not Taylor's number and the number was removed. (Doc. 84 at Ex. F at 21:22-22:1, 26:8-9; Doc.

---

[1] While Franklin is not quite sure what Plaintiff means by a "mere[] collection technique," it would seem that a company-wide "collection technique" would by definition be a company policy.

95 at Ex. 8 at 0121.)

13. Plaintiff's testimony speaks for itself, Plaintiff's dispute thereof notwithstanding.

14. Plaintiff's dispute of the accuracy of Franklin's account notes is unsubstantiated and her unsupported doubt is insufficient to survive summary judgment.[2] *See Cordoba*, 419 F.3d at 1181. Plaintiff also misstates and takes out of context the testimony of Dawn Magers. In response to Plaintiff's counsel's question of whether the account notes and audit notes will reflect a call that was placed by the dialer, but the call did not connect, Magers answered that "If a dialer -- the response code that the dialer received was told to drop a smart code, then yes, it would show on here." (Doc. 95 at Ex. 3, Magers at 20:2-21:2.) Plaintiff's counsel inquired if this happens every time and Magers answered "It's supposed to, yes, sir." (Magers Dep. 21:3-4.) Plaintiff appears to assert that Franklin failed to produce a recording for April 4, 2007. It should be noted that call recordings are maintained by Franklin for two years. (Doc. 95 at Ex. 4, Jordan Dep. 13:7-11.) Plaintiff's Amended Complaint asserted that the calls at issue began in March 2008, almost a year after this call was

---

[2] Plaintiff disputes the account notes because the notes "do not reflect all the calls Ms. Meadows remembers receiving." (Doc. 102 ¶ 14.) Plaintiff, notably, does not dispute the account notes to the extent the notes reflect calls Plaintiff does not remember receiving after December 2008. (*See* Doc. 95 ¶ 39.)

3

made. (*See* Am. Compl.) Plaintiff did not amend her allegations to purportedly encompass calls prior to March 2008 until November 2009, well after the two year retention had passed for any recording of this call. (Doc. 60.) Thus, to the extent Plaintiff alleges Franklin withheld account notes and recordings, Franklin denies these allegations.

15. Plaintiff's dispute of the accuracy of Franklin's audit notes is unsubstantiated and her unsupported doubt is insufficient to survive summary judgment. *See Cordoba*, 419 F.3d at 1181.

16. Plaintiff's dispute of the accuracy of Franklin's account notes, audit notes, and that collectors cannot delete account and audit notes is unsubstantiated and her unsupported doubt is insufficient to survive summary judgment. *See Cordoba*, 419 F.3d at 1181.

17. A "NO PHONES" entry in the account notes signifies that "On this account on that day when the system was looking for a phone number to dial, it deemed this account as having no phones to dial."[3] (McClain Dep. 129:8-13.) As testified by Sherri McClain, when "DLR CLD HM#/TRANSFRD" is not followed

---

[3] *See* Doc. 95 ¶¶ 19, 22, 23. Taylor had one account with Franklin from October 25, 2006 to March 15, 2007. From November 16, 2006 to March 11, 2007, the account notes for Taylor indicate that Franklin did not have a phone number for Taylor and no calls were made as signified by the "NO PHONES" entry. (Doc. 95 at Ex. 8 at 0005.)

by collector notes, it signifies that no connection was made between the collector and the answering party. (McClain Dep. 134:12-16; *see* Ex. 8 at 0085 at 12/08/08.) This also signifies that the call was dropped during the transfer process to the collector. (McClain Dep. 134:13-16.) However, as set out in Franklin's Memorandum of Law in Support of Motion for Summary Judgment, on October 22, 2008,[4] the dialer initiated a call, the call was transferred, but the account notes do not reflect that the call was transferred. (*See* Doc. 95 ¶¶ 34, 35.) The collector did not enter a smart code, which resulted in no notes dropping to the account notes. (*See* Doc. 95 ¶¶ 34, 35; Doc. 95 at Ex. 8 at 0092; Doc. 95 at Ex. 9 at 0571.) The audit notes do reflect, however, that the account was viewed by a collector. (*See* Doc. 95 ¶ 34; Doc. 95 at Ex. 9 at 0571.) The "DLR CLD HM#/TRANSFRD" entry on October 22, 2008, because is it not followed by notes, signifies that the call was not transferred.

19. Plaintiff's dispute of the accuracy of Franklin's account notes is unsubstantiated and her unsupported doubt is insufficient to survive summary judgment. *See Cordoba*, 419 F.3d at 1181.

22. Plaintiff's dispute of the accuracy of Franklin's account notes and the placement documents is unsubstantiated and her unsupported doubt is insufficient to

---

[4] As noted in Paragraph 34, *infra*, Franklin's reference to October 21, 2008 in the Memorandum of Law in Support of Motion for Summary Judgment is a typographical error and the correct date should is October 22, 2008.

survive summary judgment. *See Cordoba*, 419 F.3d at 1181.

23. *See* Paragraph 22, *supra*.

24. *See* Paragraph 19, *supra*.

26. To the extent Plaintiff disputes the restatement of her testimony, Plaintiff's testimony speaks for itself and Franklin's restatement is accurate. Additionally, Franklin provides that Plaintiff testified: "No. I don't think I did. I just told them – when she was living with me, I didn't. I would say I would give her a message." (Meadows Dep. 195:8-13.) Plaintiff's testimony was in response to a question inquiring if Plaintiff told Franklin not to call back or not to call so much when Taylor lived with Plaintiff. (Meadows Dep. 195:4-10.)

27. Plaintiff's "dispute" is contrary to her testimony. Plaintiff testified she "**knew** the calls were not for me because I didn't owe anybody." (Meadows Dep. 40:5-9)(emphasis added.) Plaintiff's testimony actually states that she did not know whether the calls from Franklin were for the Tidmores or Taylor until she answered the telephone. (Meadows Dep. 193:8-18.)

28. Franklin's citation to Plaintiff's testimony is accurate and Plaintiff's testimony speaks for itself. Furthermore, Plaintiff's "dispute" is not a dispute of fact, but a legal argument pertaining to the application of the TCPA.

30. Every live telephone call at Franklin is recorded. (McClain Dep. 42:10-

13, 90:1-6, 131:1-2; Doc. 95 at Ex. 13 at 8:8-12; Jordan Dep. 11:22-25, 33:19-34:11.) Plaintiff's dispute or doubt that Franklin records all calls is unsubstantiated and her unsupported doubt is insufficient to survive summary judgment. *See Cordoba*, 419 F.3d at 1181. Furthermore, to the extent Plaintiff alleges Franklin withheld recordings, Franklin denies this allegation.

31.  *See* Paragraph 30, *supra*.

32.  The transcripts submitted as Plaintiff's Third Evidentiary Submission at Exhibit F speak for themselves. *See* Paragraph 19, *supra*. Furthermore, Plaintiff's dispute sets forth arguments, not substantiated disputes of fact, and which are inappropriate and insufficient to dispute a supported statement of fact.

33.  The transcripts submitted as Plaintiff's Third Evidentiary Submission at Exhibit F speak for themselves. *See* Paragraph 32, *supra*.

34.  Franklin's statement that the collector did not enter a smart code on October 21, 2008 is a typographical error and the correct date should be October 22, 2008. (*See* Doc. 95 at Ex. 8 at 0092.)

35.  The transcripts submitted as Plaintiff's Third Evidentiary Submission at Exhibit F speak for themselves. *See* Paragraphs 19 and 30, *supra*.

36.  *See* Paragraph 22, *supra*.

37.  *See* Paragraph 32, *supra*.

40. Plaintiff's testimony speaks for itself. Furthermore, in response to the question "No emotional distress of any form regarding the telephone calls from Franklin?", Plaintiff testified "No." (Meadows Dep. 136:22-137:1.)

41. Plaintiff's testimony speaks for itself.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant Franklin Collection Service, Inc., respectfully requests that the Court dismiss the claims against it with prejudice as set forth herein and in Franklin's Memorandum of Law in Support of Motion for Summary Judgment.

                Respectfully submitted,

                /s/Brent G. Grainger
                John W. Scott
                Brent G. Grainger
                Attorneys for Defendant
                Franklin Collection Service, Inc.

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Telecopier: (205) 251-6773
Email:    jscott@scottdukeslaw.com
           bgrainger@scottdukeslaw.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 3, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Brandon L. Blankenship, Esq.
Meredith L. Phillips, Esq.
BLANKENSHIP, HARRELSON & LINTON, L.L.C.
2001 Park Place North, Suite 825
Birmingham, Alabama 35203-2774
Email: brandon.blankenship@bhlattorneys.com
Email: meredith.phillips@bhlattorneys.com

                                      /s/ Brent G. Grainger
                                      Of Counsel

52947.1